**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


**<u>Frank Staples</u>**

    **v.**                                                    Case No.  16-cv-33-PB
                                                            Opinion No. 2017 DNH 023
**<u>NH State Prison, Warden, et al.</u>**



**<u>MEMORANDUM AND ORDER</u>**

Frank Staples is a practitioner of Taoism.  He was
incarcerated at the New Hampshire State Prison from 2011 until
2015.  During that time, he claims that he suffered from
harassment by multiple correctional officers because he refused
for religious reasons to shave his beard to conform to the
prison's beard policy.  The harassment included physical and
mental abuse, and unjustified confinement in the prison's Secure
Housing Unit, Secure Psychiatric Unit, and Closed Custody Unit.
He also claims that he was repeatedly denied parole because he
refused to shave his beard.

Staples has filed a rambling, vague, and scattershot
complaint against the Prison Warden, the Commissioner of the
Department of Corrections, every member of the Parole Board, the
Prison Chaplin, and 14 other prison employees.  He asserts
several claims based on the Religious Land Use and
Institutionalized Person Act (RILUPA) and the federal

constitution.  He seeks both damages and declaratory relief.
Defendants have responded with a motion to dismiss the entire
complaint for failure to state a claim.

In this Memorandum and Order I address only Staples' RILUPA
claims.


## I.   STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a
claim, a plaintiff must make factual allegations sufficient to
"state a claim to relief that is plausible on its face."
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl.
Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is
facially plausible if it pleads "factual content that allows the
court to draw the reasonable inference that the defendant is
liable for the misconduct alleged."  Id.

In deciding a motion to dismiss, I employ a two-step
approach.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1,
12 (1st Cir. 2011).  First, I screen the complaint for
statements that "merely offer legal conclusions couched as fact
or threadbare recitals of the elements of a cause of action."
Id. (citations, internal quotation marks, and alterations
omitted).  A claim consisting of little more than "allegations
that merely parrot the elements of the cause of action" may be

2

dismissed.  Id.  Second, I credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then determine if the claim is plausible. Id.  The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct.  Twombly, 550 U.S. at 556.  The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief."  Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level. . . .").

## II.  **ANALYSIS**

Staples bases his RLUIPA claims on his contention that defendants substantially burdened his right to practice his religion by subjecting him to a pattern of harassment and the denial of parole for refusing to shave his beard.  He also mounts a facial attack on the prison's beard regulation, which he claims is inconsistent with the Supreme Court's recent decision in Holt v. Hobbs, 135 S. Ct. 853 (2015).  Defendants respond by arguing that Staples' RLUIPA claims fail because he is not entitled to recover damages for a violation of RLUIPA and

lacks standing to seek declaratory relief.  I examine each
argument in turn.

**A.    Damages**

"Although the First Circuit has reserved judgment on the
issue . . . every federal appeals court that has addressed the
issue has decided that RLUIPA does not authorize claims for
damages asserted against defendants sued in their individual
capacities." Pabon v. Cheshire Cty. Dep't of Corr., No. 15-CV-
115-LM, 2015 WL 2092808, at *1 (D.N.H. May 5, 2015) (internal
citation omitted); see Washington v. Gonyea, 731 F.3d 143, 145
(2d Cir. 2013); Sharp v. Johnson, 669 F.3d 144, 154 (3d Cir.
2012); Rendelman v. Rouse, 569 F.3d 182, 189 (4th Cir. 2009);
Sossamon v. Lone Star State of Tex., 560 F.3d 316, 328–29 (5th
Cir. 2009)), aff'd sub nom. Sossamon v. Texas, 563 U.S. 277
(2011); Nelson v. Miller, 570 F.3d 868, 886-89 (7th Cir. 2009);
Stewart v. Beach, 701 F.3d 1322, 1334-35 (10th Cir. 2012).  This
court has concurred.  See Pabon, No. 15-CV-115-LM, 2015 WL
2092808, at *1; see also Moseley v. Spencer, No. CV 15-13661-
LTS, 2016 WL 347305, at *4 (D. Mass. Jan. 27, 2016) (slip
opinion); Cryer v. Spencer, 934 F. Supp. 2d 323, 333 (D. Mass.
2013) (collecting cases).

In response, Staples cites only district court decisions
that do not engage with, and are supplanted by, subsequent well-

reasoned circuit decisions.  Compare Shidler v. Moore, 409 F. Supp. 2d 1060, 1067 (N.D. Ind. 2006) (assuming without analysis that damages available under RLUIPA), with Nelson v. Miller, 570 F.3d 868, 889 (7th Cir. 2009) ("[A]s a matter of statutory interpretation, and to avoid the constitutional concerns that an alternative reading would entail, we decline to read RLUIPA as allowing damages against defendants in their individual capacities.").

I decline to resist the overwhelming weight of case law. Under RLUIPA, a plaintiff may "obtain appropriate relief against" government officials.  42 U.S.C. §§ 2000cc-2(a); see 2000cc-5(4).  But RLUIPA "was enacted pursuant to Congress' spending power, see 42 U.S.C. § 20000c, which allows the imposition of conditions, such as individual liability, only on those parties actually receiving the state funds." Gonyea, 731 F.3d at 145.  Analogously to contract law, "non-recipients of the funds, including individuals who are state officials, generally cannot be subject to private liability for monetary damages" for violating conditions to which they did not agree. Sharp, 669 F.3d at 154.  "'To decide otherwise would create liability on the basis of a law never enacted by a sovereign with the power to affect the individual rights at issue' — i.e., the state receiving the federal funds — and this would 'raise

serious questions regarding whether Congress had exceeded its authority under the Spending Clause.'" Gonyea, 731 F.3d at 146 (internal citations omitted) (quoting Sossamon, 560 F.3d at 329; Nelson, 570 F.3d at 889).  Thus, "the appropriate relief in RLUIPA actions is limited to injunctive or declaratory relief to enforce the statute." Moseley, No. CV 15-13661-LTS, 2016 WL 347305, at *4.  Accordingly, Staples may not obtain damages from defendants in their individual capacities.

**B.  Declaratory Relief**

Federal courts may not issue a declaratory judgment "deeming past conduct illegal" where that opinion "would be merely advisory." Am. Civil Liberties Union of Massachusetts v. U.S. Conference of Catholic Bishops (ACLUM), 705 F.3d 44, 53 (1st Cir. 2013).  Rather, "the facts alleged must 'show that there is a substantial controversy ... of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Id. at 53-54 (quoting Preiser v. Newkirk, 422 U.S. 395, 402 (1975)).  Staples asserts that he is entitled to a declaratory judgment because "he is currently on parole and therefore on conditional release from the prison." Doc. No. 40-1.  But mere speculation that Staples might return to prison on a parole violation does not suffice, and he does not cite legal authority suggesting otherwise.  Moreover, there is no reason to believe

that defendants will fail in the future to comply with Supreme Court precedent in the unlikely event that Staples is again incarcerated at the prison at some point in the future.  For these reasons, Staples does not allege a sufficiently substantial, immediate, and live controversy to support his RLUIPA claim for declaratory relief.

### III.   CONCLUSION

I grant in part defendants' motion to dismiss (doc. no. 38) insofar as they seek the dismissal of Counts I and II of Staples' amended complaint.  I will address defendants' remaining arguments in a separate Memorandum and Order.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

February 8, 2017

Cc:  Donna J. Brown, Esq.
     Francis Charles Fredericks, Esq.
     Seth Michael Zoracki, Esq.